**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

LOUDOUN COUNTY, VIRGINIA,

                Plaintiff,

v.

PURDUE PHARMA L.P.; PURDUE PHARMA
INC.; THE PURDUE FREDERICK COMPANY,
INC.; RHODES PHARMACEUTICALS, L.P.;
ABBOTT LABORATORIES; ABBOTT
LABORATORIES, INC.; ABBVIE INC.;
MALLINCKRODT PLC; MALLINCKRODT LLC;
SPECGX LLC; ENDO HEALTH SOLUTIONS
INC.; ENDO PHARMACEUTICALS INC.; PAR
PHARMACEUTICAL COMPANIES, INC.; PAR
PHARMACEUTICAL, INC.; TEVA
PHARMACEUTICALS USA, INC.; CEPHALON,
INC.; BARR LABORATORIES, INC.; WATSON
LABORATORIES, INC.; ACTAVIS PHARMA,
INC.; ACTAVIS, LLC; JANSSEN
PHARMACEUTICALS, INC.; ORTHO-MCNEIL-
JANSSEN PHARMACEUTICALS, INC.;
JANSSEN PHARMACEUTICA, INC.;
ALLERGAN PLC; ALLERGAN FINANCE, LLC;
INSYS THERAPEUTICS, INC.; KVK-TECH,
INC.; AMNEAL PHARMACEUTICALS LLC;
IMPAX LABORATORIES, LLC; AMNEAL
PHARMACEUTICALS, INC.; AMNEAL
PHARMACEUTICALS OF NEW YORK, LLC;
MYLAN PHARMACEUTICALS, INC.;
MCKESSON CORPORATION; MCKESSON
MEDICAL-SURGICAL INC.; CARDINAL
HEALTH, INC.; AMERISOURCEBERGEN DRUG
CORPORATION; HENRY SCHEIN, INC.;
GENERAL INJECTABLES & VACCINES, INC.;
INSOURCE, INC.; CVS HEALTH
CORPORATION; CVS PHARMACY, INC.; CVS
TN DISTRIBUTION, L.L.C.; WALGREENS
BOOTS ALLIANCE, INC.; WALGREEN CO.;
EXPRESS SCRIPTS HOLDING COMPANY;
EXPRESS SCRIPTS, INC.; CAREMARK RX,

L.L.C.; CAREMARKPCS HEALTH, L.L.C.;
CAREMARK, L.L.C.; UNITEDHEALTH GROUP
INCORPORATED; OPTUM, INC.; OPTUMRX,
INC.; and DOES 1-100,

 Defendants.

## MALLINCKRODT LLC AND SPECGX LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Mallinckrodt LLC and SpecGx

LLC (collectively, "Mallinckrodt") hereby give notice of removal of this action, captioned

*Loudoun County, Virginia v. Purdue Pharma L.P. et al.*, bearing case number CL19-1052, from

the Circuit Court for Loudoun County, Virginia, to this Court.

### INTRODUCTION

1.   This opioid-related action is virtually identical to at least 12 others filed between March

14, 2018 and December 6, 2018 by cities and counties in Virginia against the same core group of

defendants named here ("First Wave Cases").[1]   Those 12 cases were removed to federal court—

on grounds *identical* to those raised here—and stayed pending transfer to MDL No. 2804.   *See*

Order, *City of Alexandria v. Purdue Pharma L.P. et al.*, No. 1:18-cv-01536-CMH-JFA (E.D. Va.

---

[1] *See City of Norton v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00050 (W.D. Va.), Dkt. 34 (Supp. Not. of Removal); *Giles County v. Purdue Pharma L.P. et al.*, No. 7:18-cv-00618 (W.D. Va.), Dkt. 32 (Supp. Not. of Removal); *Montgomery County v. Purdue Pharma L.P. et al.*, No. 7:18-cv-00619 (W.D. Va.), Dkt. 34 (Supp. Not. of Removal); *Lee County v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00049 (W.D. Va.), Dkt. 34 (Supp. Not. of Removal); *Dickenson County v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00048 (W.D. Va.), Dkt. 23 (Supp. Not. of Removal); *City of Galax v. Purdue Pharma L.P. et al.*, No. 7:18-cv-00617 (W.D. Va.), Dkt. 32 (Supp. Not. of Removal); *Pittsylvania County v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00070 (W.D. Va.), Dkt. 35 (Supp. Not. of Removal); *Henry County v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00071 (W.D. Va.), Dkt. 35 (Supp. Not. of Removal); *Page County v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00147 (W.D. Va.), Dkt. 37 (Supp. Not. of Removal); *Buchanan County v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00047 (W.D. Va.), Dkt. 27 (Supp. Not. of Removal); *Washington County v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00046 (W.D. Va.), Dkt. 35 (Supp. Not. of Removal); *City of Alexandria v. Purdue Pharma L.P. et al.*, No. 18-cv-01536 (E.D. Va.), Dkt. 23 (Supp. Not. of Removal).

Jan. 30, 2019), Dkt. 63 (Hilton, J.); *City of Galax v. Purdue Pharma, L.P.*, No. 7:18-cv-00617, 2019 WL 653010 (W.D. Va. Feb. 14, 2019) (Dillon, J.).   The First Wave Cases allege virtually identical allegations and claims as in this action and at least 24 other Virginia actions recently filed by the same plaintiffs' firms since March 25, 2019 ("Second Wave Cases").   Like the First Wave Cases, the Second Wave Cases have been removed to federal court, and this Court and the Western District of Virginia have already stayed many of these cases pending transfer to the MDL. *Fauquier County v. Purdue Pharma L.P.*, No. 1:19-cv-00364-LMB (E.D. Va.) (Brinkema, J.); *Bd. of Supervisors of Prince William County v. Purdue Pharma L.P.*, No. 1:19-cv-00365-TSE-JFA (E.D. Va.) (T.S. Ellis, III, J.); *City of Chesapeake v. Purdue Pharma L.P.*, No. 2:19-cv-00183-RAJ (E.D. Va.) (Jackson, J.); *Accomack County v. Purdue Pharma L.P.*, No. 2:19-cv-00184-RAJ (E.D. Va.); *Alleghany County v. Purdue Pharma L.P.*, No. 7:19-cv-00275-MFU (W.D. Va.) (Urbanski, C.J.); *Franklin County v. Purdue Pharma L.P.*, No. 7:19-cv-00302-MFU (W.D. Va.) (Urbanski, C.J.); *Louisa County v. Purdue Pharma L.P.*, No. 3:19-cv-00027 (Dillon, J.); *Madison County v. Purdue Pharma L.P.*, No. 7:18-cv-00617 (Dillon, J.). The same should happen here.

2.   More broadly, this action is one of well over a thousand related lawsuits filed against manufacturers of FDA-approved prescription opioid medications on behalf of state and local governments relating to alleged harms stemming from abuse of these medications.   On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Northern District of Ohio for these actions, *i.e.*, cases in which plaintiffs allege that "manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians[.]"   *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (J.P.M.L. 2017).   As the JPML found in centralizing these cases, "centralization will substantially reduce the risk of duplicative

discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *Id.* at 1379.

3.   The allegations in these cases, and the defendants who are named, are largely identical. The principal difference between the cases is a rotating cast of non-diverse defendants joined for the sole purpose of thwarting diversity jurisdiction in an effort to avoid (and undermine) the MDL. That is the case here.

4.   Like its predecessors, this action names the usual major manufacturers of prescription opioid medications, major distributors of opioid products, and pharmacy benefit managers.   Since none of these entities is a citizen of Virginia, Plaintiff has tacked on three token non-diverse distributors (McKesson Medical-Surgical Inc., General Injectables & Vaccines, Inc., and Insource, Inc.) for the sole purpose of thwarting diversity.   Plaintiff mentions these entities in just a handful of the Complaint's 500-plus paragraphs, and those few paragraphs consist exclusively of boilerplate jurisdictional recitals and do not include any allegation of wrongdoing.

5.   As discussed below, the citizenship of these token non-diverse distributors should be ignored under the doctrines of fraudulent joinder, Rule 21 severance, and fraudulent *mis*joinder, and there is complete diversity of citizenship between the remaining parties.

## BACKGROUND

6.   On June 6, 2019, this lawsuit was filed in the Circuit Court of Loudoun County, Virginia, on behalf of Plaintiff, Loudoun County, Virginia.   The Complaint (attached hereto, along with the state court file, as **Exhibit 1**) names the following defendants, as well as unnamed, unidentified Doe defendants:

    a.    "Manufacturer Defendants" — Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.; Rhodes Pharmaceuticals, L.P.; Abbott Laboratories; Abbott

Laboratories, Inc.; Abbvie Inc.; Mallinckrodt plc; Mallinckrodt LLC; SpecGx LLC; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical Companies, Inc.; Par Pharmaceutical, Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Barr Laboratories, Inc.; Watson Laboratories, Inc.; Actavis Pharma, Inc.; Actavis LLC;[2] Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc.; Allergan plc; Allergan Finance, LLC; Insys Therapeutics, Inc.; KVK-Tech, Inc.; Amneal Pharmaceuticals LLC; Impax Laboratories, LLC; Amneal Pharmaceuticals, Inc.; Amneal Pharmaceuticals of New York, LLC; and Mylan Pharmaceuticals, Inc.

      b.      "PBM Defendants" — Express Scripts Holding Company; Express Scripts, Inc.; Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C.; Caremark, L.L.C.; UnitedHealth Group Incorporated; Optum, Inc.; and OptumRx, Inc.

      c.      "Distributor Defendants" — McKesson Corporation; Cardinal Health, Inc.; AmerisourceBergen Drug Corporation; Henry Schein, Inc.; CVS Health Corporation; CVS Pharmacy, Inc.; CVS TN Distribution, L.L.C.; Walgreens Boots Alliance, Inc.; and Walgreen Co.

      d.      "Nominal Distributor Defendants" — McKesson Medical-Surgical Inc.; General Injectables & Vaccines, Inc.; and Insource, Inc.

7.   Like its predecessors, the thrust of this Complaint is that the Manufacturer Defendants engaged in a marketing and promotional campaign based on misrepresentations about the risks and benefits of FDA-approved prescription opioid medications.  (Compl. ¶¶ 14, 216-284.)  All of the Manufacturer Defendants are citizens of states or foreign states other than Virginia.

8.   As to the PBM Defendants, Plaintiff alleges that they "design prescription drug benefit programs and create formularies which set the criteria and terms under which prescription drugs

---

[2]  Actavis LLC is incorrectly named in the Complaint as "Actavis, LLC."

are reimbursed" (*id.* ¶ 17) which purportedly "allow[ed] the drugs to enter the marketplace to be abused" (*id.* ¶ 343).   All of the PBM Defendants are citizens of states other than Virginia.

9.   Plaintiff's allegations against the Distributor Defendants relate to entirely distinct conduct having nothing to do with alleged deceptive promotion of opioid medications (Manufacturer Defendants) or the design of prescription drug benefit programs (PBM Defendants). As to the Distributor Defendants, Plaintiff alleges that they "fail[ed] to implement effective controls and procedures in their supply chains to guard against theft, diversion and misuse of prescription opioids, and fail[ed] to adequately design and operate a system to detect, halt, and report suspicious orders of prescription opioids."   (*Id.* ¶ 437.)   The Distributor Defendants are citizens of states other than Virginia.   The Nominal Distributor Defendants are citizens of Virginia.

10.  The Complaint asserts eleven causes of action.   Seven are pleaded against "all Defendants," although each individual claim rests almost entirely on alleged conduct involving the Manufacturer Defendants only, on the one hand, or the Distributor Defendants and PBM Defendants only, on the other:   (1) statutory public nuisance; (2) common law public nuisance; (3) common law civil conspiracy; (4) negligence; (5) gross negligence; (6) willful and wanton negligence; and (7) unjust enrichment.   (*Id.* ¶¶ 428-486, 507-517, 535-557.)   Three claims are pleaded against only the Manufacturer Defendants:   (1) violation of the Virginia Consumer Protection Act, VA Code Ann. § 59.1-196 *et seq.*; (2) fraud; and (3) negligence per se.   (*Id.* ¶¶ 487-506, 518-526.)   And Plaintiff pleads a separate negligence per se claim against only the Distributor Defendants.   (*Id.* ¶¶ 527-534.)

11.  Mallinckrodt has not been served with the Complaint.

## VENUE AND JURISDICTION

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 127, 1391, 1441(a), and 1446(a) because the Circuit Court of Loudoun County, Virginia, where the Complaint was filed, is a state court within the Eastern District of Virginia.

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## I.  THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL DEFENDANTS OTHER THAN THE NOMINAL DISTRIBUTOR DEFENDANTS

14. There is complete diversity of citizenship here because Plaintiff is a Virginia citizen and all Defendants other than the Nominal Distributor Defendants are citizens of states or foreign states other than Virginia, *see* Part I.A *infra*; the citizenship of unnamed, unidentified Doe Defendants is ignored for purposes of diversity jurisdiction, *see* Part I.B *infra*; and the citizenship of the Nominal Distributor Defendants should be ignored for purposes of diversity jurisdiction, *see* Part I.C *infra*.  This is because the Nominal Distributor Defendants are fraudulently joined, and, separately, because all of the Distributor Defendants (including the Nominal Distributor Defendants) are severable under Federal Rule of Civil Procedure 21 and fraudulently *mis*joined.

### A.  Plaintiff Is Diverse from All Defendants Other Than the Nominal Distributor Defendants

#### 1.  Plaintiff Is a Citizen of Virginia

15. Plaintiff is a Virginia citizen for purposes of diversity jurisdiction.  *See Moor v. Alameda Cty.*, 411 U.S. 693, 721 (1973) (holding that Alameda County is a California citizen for purposes of diversity jurisdiction).

### 2. No Defendant Other Than the Nominal Distributor Defendants Is a Citizen of Virginia

16. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A partnership is a citizen of every state in which its partners are citizens. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). A limited liability company is a citizen of every state in which its members are citizens. *Gen. Tech. Applications, Inc.*, 388 F.3d at 121.

17. Applying these principles, no Defendant other than the Nominal Distributor Defendants is a citizen of Virginia.

18. Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners is a citizen of Virginia. (*See* Compl. ¶ 28.) Its partners citizens of New York, Connecticut, Delaware, Florida, the British Virgin Islands, and Jersey, Channel Islands.

19. Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut. (*Id.*)

20. Defendant The Purdue Frederick Company, Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.

21. Defendant Rhodes Pharmaceuticals L.P. is a limited partnership organized under the laws of Delaware with its principal place of business in Rhode Island. (*See id.* ¶ 36.) The general partner of Rhodes Pharmaceuticals L.P. is Rhodes Pharmaceuticals Inc., a corporation organized under the laws of New York with its principal place of business in Rhode Island. The only other partner of Rhodes Pharmaceuticals L.P. is Coventry Technologies L.P., a limited partnership

organized under the laws of Delaware with its principal place of business in Rhode Island.   No partner of Coventry Technologies L.P. is a citizen of Virginia.

22. Defendant Abbott Laboratories is a corporation organized under the laws of Illinois with its principal place of business in Abbott Park, Illinois.   (*Id.* ¶ 41.)

23. Defendant Abbott Laboratories, Inc. is a corporation organized under the laws of Illinois with its principal place of business in Abbott Park, Illinois.   (*Id.*)

24. Defendant AbbVie Inc. is a corporation organized under the laws of Delaware with its principal place of business in Illinois.   (*Id.* ¶ 42.)

25. Defendant Mallinckrodt plc is an Irish public limited company with its corporate headquarters in Staines-upon-Thames, United Kingdom.   (*Id.* ¶ 58.)

26. Defendant Mallinckrodt LLC is a limited liability company organized under the laws of Delaware, none of whose members is a citizen of Virginia.   (*See id.* ¶ 59.)   Mallinckrodt LLC's sole member is Mallinckrodt Enterprises LLC.   Mallinckrodt Enterprises LLC's members are Mallinckrodt Enterprises Holdings, Inc., a corporation organized under the laws of California with its principal place of business in Missouri; Ludlow Corporation, a corporation organized under the laws of Massachusetts with its principal place of business in Missouri; and Mallinckrodt ARD Finance LLC.   Mallinckrodt ARD Finance LLC's sole member, Mallinckrodt ARD Inc., is a corporation organized under the laws of California with its principal place of business in New Jersey.

27. SpecGx LLC is a limited liability company organized under the laws of Delaware, none of whose members is a citizen of Virginia.   (*See id.* ¶ 60.)   SpecGx LLC's sole member is Mallinckrodt LLC, whose citizenship is pleaded above.

28. Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.   (*Id.* ¶ 66.)

29. Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.   (*Id.*)

30. Defendant Par Pharmaceutical Companies, Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York.   (*Id.* ¶ 68.)

31. Defendant Par Pharmaceutical, Inc. is a corporation organized under the laws of New York with its principal place of business in New York.   (*Id.* ¶ 69.)

32. Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania.   (*Id.* ¶ 77.)

33. Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania.   (*Id.* ¶ 78.)

34. Defendant Barr Laboratories, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania.   (*Id.* ¶ 79.)

35. Defendant Watson Laboratories, Inc. is a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey.   (*See id.* ¶ 80.)

36. Defendant Actavis Pharma, Inc. is a corporation organized under the laws of Delaware with its principal place of business in New Jersey.   (*Id.* ¶ 81.)

37. Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.   (*Id.* ¶ 82.)   Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware.   Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey.

38. Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.   (*Id.* ¶ 92.)

39. Defendant     Ortho-McNeil-Janssen     Pharmaceuticals,     Inc.     n/k/a     Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.   (*Id.* ¶ 93.)

40. Defendant Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.   (*Id.* ¶ 94.)

41. Defendant Allergan plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland.   (*Id.* ¶ 103.)

42. Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company.   (*Id.* ¶ 104.)   Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Madison, New Jersey.

43. Defendant Insys Therapeutics, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Chandler, Arizona.   (*Id.* ¶ 111.)

44. Defendant KVK-Tech, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Newton, Pennsylvania.   (*Id.* ¶ 114.)

45. Defendant Amneal Pharmaceuticals LLC is a Delaware limited liability company with its principal place of business in New Jersey.   (*Id.* ¶ 117.)   None of its members is a citizen of Virginia.

46. Defendant Impax Laboratories, LLC is a Delaware limited liability company with its principal place of business in Bridgewater, New Jersey.   (*Id.* ¶ 118.)   None of its members is a citizen of Virginia.

47. Defendant Amneal Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey.   (*Id.* ¶ 119.)

48. Defendant Amneal Pharmaceuticals of New York, LLC is a Delaware limited liability company with its principal place of business in Pennsylvania.   None of its members is a citizen of Virginia.

49. Defendant Mylan Pharmaceuticals, Inc. is a corporation organized under the laws of West Virginia with its principal place of business in Pennsylvania.   (*Id.* ¶ 124.)

50. Defendant McKesson Corporation is a corporation organized under the laws of Delaware with its principal place of business in San Francisco, California.   (*Id.* ¶ 129.)

51. Defendant Cardinal Health, Inc. is a corporation organized under the laws of Ohio with its principal place of business in Ohio.   (*Id.* ¶ 139.)

52. Defendant AmerisourceBergen Drug Corporation is a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania.   (*Id.* ¶ 143.)

53. Defendant Henry Schein, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Melville, New York.   (*Id.* ¶ 148.)

54. Defendant CVS Health Corporation is a corporation organized under the laws of Delaware with its principal place of business in Rhode Island.   (*Id.* ¶ 155.)

55. Defendant CVS Pharmacy, Inc. is a corporation organized under the laws of Rhode Island with its principal place of business in Rhode Island.   (*Id.* ¶ 156.)

56. Defendant CVS TN Distribution, L.L.C. is a Tennessee limited liability company. (*Id.* ¶ 157.) Its sole member is CVS Pharmacy, Inc., a corporation organized under the laws of Rhode Island with its principal place of business in Rhode Island.

57. Defendant Walgreens Boots Alliance, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Illinois. (*Id.* ¶ 159.)

58. Defendant Walgreen Co. is a corporation organized under the laws of Illinois with its principal place of business in Illinois. (*Id.* ¶ 160.)

59. Defendant Caremark Rx, L.L.C. is a Delaware limited liability company. (*Id.* ¶ 167.) Its sole member is CVS Pharmacy, Inc., a corporation organized under the laws of Rhode Island with its principal place of business in Rhode Island.

60. Defendant CaremarkPCS Health, L.L.C. is a Delaware limited liability company. (*Id.* ¶ 168.) Its sole member is CaremarkPCS, L.L.C., and the sole member of CaremarkPCS, L.L.C. is Caremark Rx, L.L.C. As noted above, Caremark Rx, L.L.C. is a citizen of Rhode Island.

61. Defendant Caremark, L.L.C. is a California limited liability company. (*Id.* ¶ 169.) Its sole member is Caremark Rx, L.L.C. As noted above, Caremark Rx, L.L.C. is a citizen of Rhode Island.

62. Defendant Express Scripts Holding Company is a corporation organized under the laws of Delaware with its principal place of business in St. Louis, Missouri. (*Id.* ¶ 177.)

63. Defendant Express Scripts, Inc. is a corporation organized under the laws of Delaware with its principal place of business in St. Louis, Missouri. (*Id.* ¶ 178.)

64. Defendant UnitedHealth Group Incorporated is a corporation organized under the laws of Delaware with its principal place of business in Minnetonka, Minnesota. (*Id.* ¶ 187.)

65. Defendant Optum, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Eden Prairie, Minnesota.   (*Id*. ¶ 189.)

66. Defendant OptumRx, Inc. is a corporation organized under the laws of California with its principal place of business in Irvine, California.   (*Id*. ¶ 190.)

67. Accordingly, all Defendants other than the Nominal Distributor Defendants are citizens of a state or foreign state other than Virginia.

## B.   The Citizenship of Doe Defendants Is Ignored

68. The citizenship of unnamed, unidentified Doe Defendants is ignored for purposes of determining diversity jurisdiction.   *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded.").

## C.   The Citizenship of the Nominal Distributor Defendants Should Be Ignored

### 1.   The Nominal Distributor Defendants Are Fraudulently Joined

69. Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper where the non-diverse defendants are fraudulently joined.   "The doctrine of fraudulent joinder permits a federal court to disregard, for jurisdictional purposes, the citizenship of non-diverse defendants."   *McFadden v. Fed. Nat'l Mortg. Ass'n*, 525 F. App'x 223, 227 (4th Cir. 2013) (internal quotation marks omitted).   A non-diverse defendant is fraudulently joined where "there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse party."   *Id.* (internal quotation marks and citation omitted).

70. Here, there is no possibility that Plaintiff can establish a cause of action against the Nominal Distributor Defendants because Plaintiff has not alleged that they did anything unlawful. Notably, of the Complaint's 500-plus paragraphs, only ten (charitably read) mention the Nominal

Distributor Defendants.   (Compl. ¶¶ 136-138, 148-154.)[3]   Those ten paragraphs consist entirely of conclusory jurisdictional allegations that the Nominal Distributor Defendants are Virginia corporations that distribute pharmaceutical products.   (*See id.*)   Plaintiff nowhere alleges any actual wrongdoing by the Nominal Distributor Defendants that could plausibly give rise to a colorable claim against them.

71. Where, as here, a plaintiff includes threadbare allegations against non-diverse defendants which fail to identify any wrongdoing by them, courts have repeatedly held that the non-diverse defendants are fraudulently joined.   *See, e.g.*, *City of Brownsville v. Sw. Bell Tel. Co.*, No. CIV. A. B-90-200, 1991 WL 107403, at *3 (S.D. Tex. June 6, 1991) (finding fraudulent joinder where "[o]nly two paragraphs of the complaint even mention" the non-diverse defendant and there is "no allegation of wrongdoing"); *Lewis v. PNC Bank, N.A.*, No. 2:13-CV-69-RWS, 2013 WL 6817090, at *2 (N.D. Ga. Dec. 26, 2013) (finding fraudulent joinder where "[p]laintiff does not allege how [the non-diverse defendant] specifically committed any wrongdoing"); *Jones v. Mortg. Elec. Regis. Sys., Inc.*, No. 4:12-CV-00035-HLM, 2012 WL 13028595, at *5 (N.D. Ga. Mar. 12, 2012) (finding fraudulent joinder where "[p]laintiffs do not allege any wrongdoing by" the non-diverse defendant); *Galler v. 21st Mort. Corp.*, No. 3:14-cv-174-MCR/EMT, 2014 WL 12701066, at *2 (N.D. Fla. Sept. 3, 2014) (finding fraudulent joinder where the complaint "includes no allegations of fact at all regarding" the non-diverse defendant); *Baker v. Select Portfolio Servicing, Inc.*, No. 1:12-cv-03493-JEC, 2013 WL 4806907, at *6 (N.D. Ga. Sept. 9,

---

[3] Plaintiff refers to two Nominal Distributor Defendants (General Injectables & Vaccines, Inc. and Insource, Inc.) under the umbrella term "Henry Schein," which Plaintiff defines as referring to these two Nominal Distributor Defendants plus Henry Schein, Inc.   (Compl. ¶ 151.)   Even including references to "Henry Schein," there are just ten paragraphs in the entire Complaint that refer to a Nominal Distributor Defendant.   Of those ten paragraphs, only six refer specifically to a Nominal Distributor Defendant (as opposed to "Henry Schein").

2013) (finding fraudulent joinder where "plaintiff has not provided any specific factual basis for the claims" against the non-diverse defendants).[4]

72. Nor can Plaintiff rely on the Complaint's undifferentiated, generalized allegations purporting to describe conduct of certain undefined "Defendants" or "Distributor Defendants," as these allegations are not attributable to the Nominal Distributor Defendants. "[G]eneric allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined." *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 818 (S.D. Miss. 2002), *aff'd and remanded sub nom. Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003). As courts have explained, "[a]lthough [Plaintiff's] complaint commonly employs the generic term 'defendants,' the context and nature of the individual allegations make clear that only the" diverse defendants are targeted. *Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 550 (E.D. Ky. 2001); *see also In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002) ("[T]he complaints . . . are devoid of specific allegations against the pharmacies. They are filled instead with general statements levied against all defendants, which most properly can be read as stating claims against the drug manufacturers."); *Shah v. Wyeth Pharm., Inc.*, No. CV 04-8652 DT (MANx), 2005 WL 6731641, at *3 (C.D. Cal. Jan. 18, 2005) ("[A]llegations against 'defendants' collectively are insufficient to warrant remand, especially when Plaintiffs fail to allege any 'particular or specific activity' on the part of" non-diverse defendants (citation omitted)); *In re Phenylpropanolamine (PPA) Prods. Liab.*

---

[4] *See also Cammack New Liberty, LLC v. Vizterra, LLC*, No. CIV.A. 3:09-15-DCR, 2009 WL 2043568, at *3 (E.D. Ky. July 13, 2009) (finding fraudulent joinder where the complaint did "not allege wrongdoing on the part of" the non-diverse defendant); *First Merchs. Tr. Co. v. Wal-Mart Stores E., LP*, 630 F. Supp. 2d 964, 968 (S.D. Ind. 2008) (finding fraudulent joinder where the complaint made "no allegations of wrongdoing or of any other basis for obtaining relief from" the non-diverse defendant); *McGoey v. State Farm Ins. Co.*, No. CIV.A. 06-8954, 2007 WL 1166352, at *3 (E.D. La. Apr. 17, 2007) (finding fraudulent joinder where the complaint did "not allege any specific wrongdoing by" the non-diverse defendant).

*Litig.*, No. C02-423R, 2002 WL 34418423, at *2 (W.D. Wash. Nov. 27, 2002) ("[T]he complaint utilizes the plural 'defendants' in a number of allegations that one could not reasonably interpret to include" the non-diverse defendant).   For example, where the Complaint generally proclaims that "the Distributor Defendants have knowingly or negligently allowed diversion" (Compl. ¶ 320), the immediately following subparagraphs describe alleged conduct exclusively of diverse Distributor Defendants, with no mention of the Nominal Distributor Defendants (*id.* ¶ 320(a)-(l)). Plaintiff repeats that model—a generic allegation against "Defendants" or "Distributor Defendants" substantiated by specific allegations against only diverse Defendants—throughout the Complaint.

73. Because there are no allegations of wrongdoing against the Nominal Distributor Defendants, and the bulk allegations against "Defendants" or "Distributor Defendants" are not attributable to conduct of the Nominal Distributor Defendants, there is no possibility that the Plaintiff can establish a claim against the Nominal Distributor Defendants.   The Nominal Distributor Defendants have been fraudulently joined, and their citizenship should be ignored for purposes of diversity jurisdiction.

### 2.    The Distributor Defendants Should Be Severed Under Rule 21

74. Beyond fraudulent joinder of the Nominal Distributor Defendants, the citizenship of all Distributor Defendants (including the Nominal Distributor Defendants) should be ignored because the claims against them are subject to severance under Federal Rule of Civil Procedure 21. Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under

Rule 20.  Here, the Distributor Defendants should be severed on both grounds, each of which preserves diversity jurisdiction as to the Manufacturer Defendants and PBM Defendants.[5]

75. As to severance of unnecessary and dispensable parties, it is settled law in the Fourth Circuit that "non-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and the defendants."  *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 691 (4th Cir. 1978); *see Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998) ("[A] party . . . whose presence deprives the court of jurisdiction may be dropped or severed from the action.").  As the United States Supreme Court has held, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *see Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572-73 (2004).

76. *Sullivan v. Calvert Memorial Hospital*, 117 F. Supp. 3d 702 (D. Md. 2015), is particularly instructive.  There, a Maryland citizen filed suit in state court for injuries arising from the implant of a medical device.  *Id.* at 703.  The plaintiff asserted claims against the out-of-state manufacturer of the medical device, as well as non-diverse healthcare providers who performed her surgery.  *Id.* at 703-04.  Notwithstanding a lack of complete diversity on the face of the complaint, the manufacturer removed the case to federal court, arguing the court should preserve

---

[5] As noted above, Plaintiff has not alleged any wrongdoing by the Nominal Distributor Defendants and has attempted to mask this dispositive pleading deficiency by grouping them together with the diverse Distributor Defendants.  Because Plaintiff attempts to lump its allegations against the Nominal Distributor Defendants (who are not alleged to have committed any wrongdoing) together with its allegations against diverse Distributor Defendants (who are alleged to have committed wrongdoing), the Rule 21 severance and fraudulent misjoinder arguments set forth herein would apply equally to all Distributor Defendants.  But because the Nominal Distributor Defendants are the only non-diverse Defendants here, the Court need only address the presence of the Nominal Distributor Defendants to find jurisdiction.

diversity jurisdiction by severing the non-diverse healthcare providers as unnecessary and dispensable parties under Rule 19.   *Id.* at 704.   The court agreed.   *Id.* at 707.

77. Even though the claims against the manufacturer and the healthcare providers "involve[d] the same physical object," the court held that severance was appropriate because the claims against the two sets of defendants involved "distinctly different" "legal standards and factual inquiries."   *Id.* at 706.   As the court explained, "[t]he [healthcare providers] are not necessary parties to [plaintiff's] claims against the [diverse manufacturer] because the resolution of her claims against the [healthcare providers] would not necessarily resolve her claims against the [manufacturer]."   *Id.* at 707.   "[Plaintiff's] medical negligence claims against the [healthcare providers] hinge on whether they deviated from the standard of care of healthcare professionals . . . .   Her products liability claims against the [manufacturer] turn on whether [it] . . . improperly designed, manufactured, tested, advertised, and gave directions regarding use of the [medical device].   These standards of care and the deviation from same are different and distinct from one another."   *Id.*

78. The court further explained that there was "a critical policy reason" to sever the non-diverse defendants—namely, it would allow the claims against the diverse manufacturer to be transferred to an MDL.   *Id.*   "Whatever inconvenience [plaintiff] might suffer from her having to litigate her claims in two separate forums, that inconvenience is far exceeded by the prejudice of requiring the manufacturer . . . to defend on many more than just two fronts.   Forcing the [manufacturer] to litigate [these] claims in state courts throughout the country whenever and wherever the claims might be joined to claims against healthcare providers that installed the device would defeat the entire purpose of the MDL."   *Id.* (internal quotation marks and citation omitted).

Accordingly, the court severed the non-diverse defendants and denied remand as to the diverse manufacturer.  *Id.*

79. Numerous decisions of district courts in this Circuit and other circuits are in accord with *Sullivan*.  *E.g.*, *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010); *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 872-74 (N.D. Ohio 2009); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3-4 (N.D. Ohio July 8, 2009); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012).

80. Likewise, here, this Court should sever the Distributor Defendants under Rule 21 and deny remand as to the Manufacturer Defendants and PBM Defendants because the Distributor Defendants are both unnecessary and dispensable under Rule 19.

81. As a threshold matter, alleged joint tortfeasors like the Distributor Defendants are unnecessary parties as a matter of settled law.  *See Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (holding that joint tortfeasors are not necessary parties under Rule 19); *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 826 (E.D. Va. 2005) ("[A] non-diverse defendant who is a jointly and severally liable tort-feasor is *not* an indispensable party to a diversity action under Rule 19 and may be dismissed by the court in order for it to retain jurisdiction.") (internal quotation marks and citation omitted).

82. Moreover, just like *Sullivan* (and many other cases) in which the plaintiff's claims against the diverse defendants and non-diverse defendants were materially distinct, here Plaintiff's allegations against the Manufacturer Defendants and PBM Defendants are materially distinct from those against the Distributor Defendants.  Specifically, Plaintiff's allegations against the

Manufacturer Defendants center on their alleged misrepresentations concerning the risks and benefits of FDA-approved prescription opioid medications made in marketing and promoting the medications, and Plaintiff's allegations against the PBM Defendants concern their alleged design of benefit plans determining which medications will be covered by pharmacy benefit plans.   By contrast, Plaintiff's allegations against the Distributor Defendants have nothing to do with promotion of opioid medications or the design of benefit plans.   Instead, Plaintiff alleges that the Distributor Defendants failed to detect, halt, and report suspicious orders of opioid medications. There is no material overlap between the factual allegations against the Manufacturer Defendants and PBM Defendants, on the one hand, and the Distributor Defendants, on the other, that would make the Distributor Defendants necessary or indispensable parties under Rule 19.   Rather, just like *Sullivan*, "the resolution of [Plaintiff's] claims against the [Distributor Defendants] would not necessarily resolve [Plaintiff's] claims against the [Manufacturer Defendants or PBM Defendants]."   117 F. Supp. 3d at 707.

83. Beyond Rule 19, the claims against the Distributor Defendants are also misjoined under Rule 20, which provides a distinct basis for severance.   Rule 21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against other defendants.   Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule 21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a).") (citation omitted).   Courts have repeatedly denied remand as to diverse defendants and severed claims against non-diverse defendants where the claims against the non-diverse defendants were separate and distinct, and

arose from different transactions or occurrences.[6]   Because of the distinct factual underpinnings of the claims against the different sets of defendants here, these claims cannot properly be joined together.

84. Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in coordinated MDL proceedings in the Northern District of Ohio.   Courts across the country have repeatedly recognized the importance of these efficiencies in severing non-diverse defendants to perfect diversity jurisdiction.   *E.g.*, *Sullivan*, 117 F. Supp. 3d at 707 ("Severance is particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse manufacturer] to Multi-District Litigation."); *Sutton*, 251 F.R.D. at 505 ("Plaintiffs' claims against the [non-diverse] Defendants are severed and remanded pursuant to Rule 21 . . . so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum."); *Baxter*, 614 F. Supp. 2d at 873 ("[P]laintiffs will benefit from the MDL process:  they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-à-vis [the diverse manufacturer]."); *Mayfield*, 2015 WL 3440492, at *5 ("[I]f the surviving federal claims are transferred to the Ethicon MDL, the prospect of dual litigation has undeniable upside.").

---

[6] *See Todd v. Cary's Lake Homeowners Ass'n*, 315 F.R.D. 453, 458 (D.S.C. 2016); *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at *6-7 (E.D. La. Sept. 10, 2014); *Loeffelbein*, 2003 WL 21313957, at *6; *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 502-05 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-84 (D. Nev. 2004); *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

85. As this District has explained in materially identical circumstances, "[t]he Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer defendant] to considerable prejudice. [Plaintiff] will be forced to pursue two separate suits, but it will not alone bear the administrative and financial burdens of pursuing its claims against [the manufacturer] in the MDL proceedings. For its part, [the manufacturer] could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against [the manufacturer] from those against the providers that prescribed [the drug]." *Cooke-Bates*, 2010 WL 3984830, at *4 (internal citations omitted).

86. That Plaintiff asserts some causes of action against "all Defendants" changes nothing. Severance is appropriate because the *factual basis* for Plaintiff's claims against the Manufacturer Defendants and PBM Defendants is materially distinct from the factual basis for Plaintiff's claims against the Distributor Defendants. *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a)."). If Plaintiff wants to pursue claims against the Distributor Defendants, Plaintiff has an "adequate remedy . . . in state court." *Baxter*, 614 F. Supp. 2d at 873.

### 3. The Distributor Defendants Are Also Fraudulently Misjoined

87. As an alternative to severance under Rule 21, the citizenship of the Distributor Defendants (including the Nominal Distributor Defendants) should be ignored for purposes of diversity jurisdiction under the fraudulent misjoinder doctrine. Fraudulent *mis*joinder, also called procedural misjoinder, is different from the fraudulent *joinder* doctrine discussed above. As district courts within this Circuit have explained, fraudulent misjoinder "is an assertion that claims against certain defendants . . . have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." *Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 644 (S.D. W. Va. 2017) (internal quotation marks omitted); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on another ground by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

88. While the Fourth Circuit has neither accepted nor rejected the fraudulent misjoinder doctrine, the "weight of authority" from district courts in this Circuit "accepts the doctrine." *McKesson Corp.*, 263 F. Supp. 3d at 645.

89. In opioid-related cases like this one, federal district courts in this Circuit have relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction. *See McKesson Corp.*, 263 F. Supp. 3d at 647; *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017). *But see Brooke Cty. Comm'n et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00009 (N.D. W. Va.), Doc. 23 (Feb. 23, 2018 Order). In *McKesson Corp.*, the plaintiff filed suit in state court against diverse distributors of opioid products for allegedly "flood[ing] McDowell County with opioids well beyond what was necessary to address pain and

other [legitimate] reasons," and also against a non-diverse doctor for allegedly "provid[ing] written opioid prescriptions for patients, knowing that the drugs were likely to be abused, diverted or misused." 263 F. Supp. 3d at 642. Denying plaintiff's remand motion, the court held that "plaintiff's claims against the [distributors] and the claims against [the doctor]" lacked "common questions of law or fact" and were "separate and distinct" and did not defeat diversity. *Id.* at 647. In *City of Huntington*, the court reached the same conclusion for substantially the same reasons. 2017 WL 3317300, at *5 (claims against diverse and non-diverse defendants were "separate and distinct").

90. Even if the Court finds that the Distributor Defendants are not subject to severance under Rule 21, it should find the claims against them misjoined under the fraudulent misjoinder doctrine.

91. In sum, because Plaintiff is a Virginia citizen, and because none of the properly joined Defendants is a Virginia citizen, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

## II.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

92. "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

93. Plaintiff seeks "compensatory damages in an amount not less than $280,000,000" plus punitive damages of "$350,000 per defendant." (Compl. Prayer for Relief ¶¶ (1)-(2).) It is thus clear the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.  ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.  This Notice of Removal Is Timely

94. This Notice of Removal is timely filed.  As noted *supra*, Mallinckrodt has not been served, and thus its deadline to remove this action has not yet been triggered.  *See* 28 U.S.C. § 1446(b)(1).

### B.  Defendants Have Not Been Served and Need Not Consent to Removal

95. No Defendant in this action has been served, and therefore consent to removal is not required from any Defendant.  No certificate of service has been filed in the underlying case showing that any Defendant has been served.

96. By filing this Notice of Removal, Mallinckrodt does not waive any defense that may be available to it and reserves all such defenses.  If any question arises as to the propriety of the removal to this Court, Mallinckrodt requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

### CONCLUSION

WHEREFORE, Mallinckrodt hereby removes this action from the Circuit Court for Loudoun County, Virginia, to this Court.

DATED: June 14, 2019

/s/ *Sarah B. Miller*
Sarah B. Miller
Virginia Bar Number: 77087
Attorney for Defendants Mallinckrodt LLC
and SpecGx LLC
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel.: (615) 742-6200
E-Mail: smiller@bassberry.com

Andrew O'Connor
*(Pro hac vice forthcoming)*
ROPES & GRAY LLP

Attorney for Defendants Mallinckrodt LLC and SpecGx LLC
800 Boylston Street
Boston, MA 02199-3600
Tel.: (617) 951-7000
E-Mail: Andrew.o'connor@ropesgray.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2019, I electronically filed the foregoing, along with the Civil Cover Sheet, with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

| Plaintiff | Attorneys |
|---|---|
| Loudoun County, Virginia | Grant Morris<br>Kevin Sharp<br>Ross Brooks<br>Saba Bireda<br>Andrew Miller<br>SANFORD HEISLER SHARP, LLP<br>611 Commerce Street, Suite 3100<br>Nashville, Tennessee 37203<br>Tel: (615) 434-7000<br>gmorris@sanfordheisler.com<br>ksharp@sandfordheisler.com<br>rbrooks@sanfordheisler.com<br>sbireda@sanfordheisler.com<br>amiller@sanfordheisler.com<br><br>Joanne Cicala<br>THE CICALA LAW FIRM PLLC<br>101 College Street<br>Dripping Springs, Texas 78620<br>Tel: (512) 275-6550<br>joanne@cicalapllc.com<br><br>W. Edgar Spivey<br>Patrick H. O'Donnell<br>R. Johan Conrod, Jr.<br>Lauren Tallent Rogers<br>KAUFMAN CANOLES, PC<br>150 W. Main Street, Suite 2100<br>Norfolk, VA 23510-1665<br>Tel: (757) 624-3196<br>wespivey@kaufcan.com<br>phodonnell@kaufcan.com<br>rjconrod@kaufcan.com<br>ltrogers@kaufcan.com |

|  | Leo P. Rogers<br>LOUDOUN COUNTY ATTORNEY<br>1 Harrison Street, SE<br>P.O. Box 7000<br>Leesburg, VA 20177-700<br>Tel: (703) 777-0307<br>leo.rogers@loudoun.gov |
|---|---|

| Defendants | Address |
|---|---|
| Purdue Pharma, L.P.; Purdue Frederick Company, Inc. | The Prentice-Hall Corporation<br>251 Little Falls Drive<br>Wilmington, Delaware 19808 |
| Purdue Pharma, Inc | The Prentice-Hall Corporation<br>80 State Street<br>Albany, New York 12207 |
| Rhodes Pharmaceuticals, L.P. | Rhodes Pharmaceuticals, L.P.<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, Delaware 19808 |
| Abbott Laboratories, Abbott Laboratories, Inc., and Abbvie Inc. | The Corporation Service Company<br>4701 Cox Road, Suite 285<br>Glen Allen, Virginia 23060 |
| ENDO Health Solutions, Inc and ENDO Pharmaceuticals, Inc.; PAR Pharmaceutical Companies, Inc. and PAR Pharmaceutical, Inc. | The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |
| Teva Pharmaceuticals U.S.A., Inc.; Cephalon, Inc.; | Corporate Creations Network Inc.<br>3411 Silverside Road Tatnall Building, Suite 104<br>Wilmington, Delaware 19810 |
| Watson Laboratories, Inc.; Allergan PLC | Corporate Creations Network Inc.<br>8275 South Eastern Avenue, #200<br>Las Vegas, Nevada 89123 |

| | |
|---|---|
| Actavis Pharma, Inc.; Allergan PLC | Actavis Pharma, Inc.; Allergan PLC<br>Corporate Creations Network Inc.<br>6802 Paragon Place #410<br>Richmond, Virginia 23230 |
| Barr Laboratories, Inc. | Barr Laboratories, Inc.<br>Corporate Creations Network Inc.<br>6802 Paragon Place Suite 410<br>Richmond, Virginia 23230 |
| Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. | 1125 Trenton-Harbourton Road<br>Titusville, New Jersey 08560 |
| Insys Therapeutics, Inc. | J The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |
| KVK-Tech, Inc. | KVK-Tech, Inc.<br>c/o Frank Ripp, Jr.<br>110 Terry Drive<br>Newton, Pennsylvania 18940 |
| Amneal Pharmaceuticals LLC | Amneal Pharmaceuticals LLC<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |
| Impax Laboratories, LLC | Impax Laboratories, LLC<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, Delaware 19808 |
| Amneal Pharmaceuticals, Inc. | Amneal Pharmaceuticals, Inc.<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, Delaware 19808 |

| | |
|---|---|
| Amneal Pharmaceuticals of New York, LLC | Amneal Pharmaceuticals of New York, LLC<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |
| Mylan Pharmaceuticals, Inc. | CT Corporation System<br>4701 Cox Road, Ste. 285<br>Glen Allen, Virginia 23060 |
| McKesson Corporation | McKesson Corporation; McKesson Medical-Surgical, Inc.<br>Corporation Service Company<br>100 Shockoe Slip, 2nd Floor<br>Richmond, Virginia 23219 |
| Cardinal Health, Inc. | CT Corporation System,<br>4400 Easton Commons Way Suite 125<br>Columbus, Ohio 43219 |
| AmerisourceBergen Drug Corporation | AmerisourceBergen Drug Corporation<br>CT Corporation System<br>4701 Cox Road, Suite 285<br>Glen Allen, Virginia 23060 |
| Henry Schein, Inc. | Henry Schein, Inc.<br>Corporation Service Company<br>100 Shockoe Slip, 2nd Floor<br>Richmond, Virginia 23219 |
| General Injectables & Vaccines, Inc. | General Injectables & Vaccines, Inc.<br>Corporation Service Company<br>100 Shockoe Slip, 2nd Floor<br>Richmond, Virginia 23219 |
| Insource, Inc. | Insource, Inc.<br>Corporation Service Company<br>100 Shockoe Slip, 2nd Floor<br>Richmond, Virginia 23219 |
| CVS Health Corporation;<br>Caremark RX, L.L.C.; CaremarkPCS Health, L.L.C.; Caremark, L.L.C. | The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |
| CVS Pharmacy, Inc.;<br>Caremark RX, L.L.C.; CaremarkPCS Health, L.L.C.; Caremark, L.L.C. | CT Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, Virginia 23060 |
| CVS TN Distribution, L.L.C. | CT Corporation System<br>300 Montvue Road |

| | Knoxville, Tennessee 37919 |
|---|---|
| Walgreens Boots Alliance, Inc | Walgreens Boots Alliance, Inc. <br> Corporation Service Company <br> 251 Little Falls Drive <br> Wilmington, Delaware 19808 |
| Walgreen Co. | Walgreen Co. <br> Corporation Service Company <br> 100 Shockoe Slip, 2nd Floor <br> Richmond, Virginia 23219 |
| Express Scripts, Inc. and Express Scripts Holding Company | Corporation Service Company <br> 251 Little Falls Drive <br> Wilmington, Delaware 19808 |
| UnitedHealth Group Incorporated, Optum, Inc., and OptumRx, Inc | CT Corporation System <br> 4701 Cox Road, Suite 285 <br> Glen Allen, Virginia 23060 |

/s/ *Sarah B. Miller*